**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KYLE MELLO, ANNA BLAZEJOWSKA, | ) | |
| PATRICIA HALE, and JUSTINE KNAPEREK, | ) | |
| individually and on behalf of persons similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| v. | ) | |
| | ) | |
| KRIEGER KIDDIE CORPORATION and | ) | |
| ELAINE B. KRIEGER | ) | |
| | ) | |
| Defendants. | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs KYLE MELLO, ANNA BLAZEJOWSKA, PATRICIA HALE, and JUSTINE KNAPEREK, individually and on behalf of persons similarly situated, state as follows as their Collective Action Complaint against KRIEGER KIDDIE CORPORATION ("Krieger") and ELAINE B. KRIEGER ("Elaine"):

**Nature of the Action**

1.      Plaintiffs bring this claim for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq,* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks and for the return of unlawful "shortage" deductions.  Defendants' unlawful compensation practices have had the effect of denying Plaintiffs and other similarly situated employees their lawfully earned and living wages.  Plaintiffs bring their FLSA claim as

1

a collective action pursuant to 29 U.S.C. § 216(b) and their state law claims pursuant to F.R.C.P. 23.

## Parties

2.      Plaintiffs are all citizens of Illinois who are current or former Krieger employees who were classified as "managers" and paid on what was purported to be a salary basis.

3.      Defendant Krieger operates a chain of approximately 20 stores under the Once Upon a Child, Plato's Closet, New Uses, and Clothes Mentor franchises.

4.      Elaine is an individual who is the owner and operator of the Krieger stores and is responsible for instituting the policies that are violated herein.   Elaine has the ultimate responsibility at Krieger for paying employees and setting payroll practices.

## Jurisdiction and Venue

5.      Venue is proper in this Judicial District as a substantial part of the events arising out of this case arose in this Judicial District.  All of the relevant stores are located in this Judicial District.

6.      Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).    At all times pertinent to this Complaint, Defendant Krieger was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. 203(r) and 203(s).  The annual gross sales volume of Krieger was in excess of $500,000.00 per year.

## Factual Allegations

7.       Plaintiffs were employed under various titles by Defendant Krieger, called "store managers", "assistant managers", "managers in training", or some other variation (collectively "managers").  All were paid by Krieger on what purported to be a salary basis.

2

8.     Krieger has a policy of requiring that its managers work at least 45 hours per week.  Many, in fact, work substantially more.  Krieger requires that managers record their time to assure that they work in excess of 40 hours.

9.     Although Krieger purports to pay its managers a "salary", in an effort to avoid paying overtime hours, Krieger in fact fails to meet the salary basis test for its managers so as to receive an exemption from paying overtime.

10.     Historically, and during periods of time within the past 3 years and beyond, Krieger has had a policy of deducting money from its managers' paychecks to defray the ordinary and customary expenses associated with operating a retail store.  By way of example, if a cash register at a store is $1.50 short, Krieger deducts this amount from a manager's paycheck.

11.     During the time that Plaintiff Kyle Mello was a manager, he routinely had cash register shortages deducted from his paycheck.   For example, the following "shortage" deductions were taken from his purported salary: $2.72 on 8/9/2012, $2.50 on 9/6/2012, $2.74 on 8/22/2013, $0.56 on 9/5/2013.   On information and belief, there were other such shortage deductions.

12.     Likewise, during the time that Plaintiff Justine Knaperek was a manager, she also routinely had cash register shortages deducted from her paycheck.  For example, $2.80 was taken from her purported salary for a "shortage" deduction on 7/26/2012.  On information and belief, there were other such shortage deductions.

13.     As a matter of Krieger policy, if managers do not work in excess of 45 hours in a work week, the employee has his or her accrued vacation time deducted.   For example, if a manager only works 43 hours in one week, Krieger automatically deducts from the manager's accrued vacation 2 hours to make up the shortage.  Krieger employees are entitled to trade their

accrued vacation in for cash compensation; and, therefore, such vacation forfeitures result in a loss of an accrued financial benefit.

14.    The aforementioned vacation policy results in the fluctuation of the compensation paid to managers because if an employee does not have any accrued vacation time available, then Krieger converts the employee from "salary" to hourly for that pay period. For example, Plaintiff Patricia Hale was purportedly earning a salary of $35,000/year, or $1,346.15 every two weeks. But during the 1/3/2015 to 1/16/2015 pay period, she only worked 85 hours and 43 minutes. As a result of not working the required 90 hours (45 hours per week over a two-week time period), she was converted by Krieger to an hourly rate of $14.95 on her 1/22/2015 paycheck. This hourly figure is apparently derived by taking the two-week "salary" of $1,346.15 and dividing it by 90. Multiplying this hourly rate by the hours actually worked, Krieger only paid Ms. Hale $1,281.47, rather than her "salary" amount of $1,346.15.

15.    As a result of these shortage deductions and salary-to-hourly conversion policies and practices, managers are not paid on a salary basis within the meaning of the FLSA.

### Class and Collective Allegations

16.    Plaintiffs seek to prosecute their FLSA claims as a collective on behalf of "managers" who worked for Krieger as employees within the past three years preceding this lawsuit to the day of trial and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more weeks but were not paid lawful wages and overtime compensation for such time. Likewise, Plaintiffs seek to prosecute their IMWL and IWPCA claims pursuant to F.R.C.P. 23.

17.    Plaintiffs and other similarly situated current and former employees in the asserted class regularly worked overtime hours, including but not limited to being subject to a

practice or policy of Defendants failing to credit all overtime hours worked. Likewise, Plaintiffs were subjected to a common practice of having unlawful deductions made from their paycheck for cash register and other shortages.

18.     Plaintiffs and other similarly situated managers were not exempt from overtime pay.

19.     At all times material to this Complaint, Defendants failed to comply with the FLSA and the IMWL in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendants for which no provision was made by Defendants to pay Plaintiffs and similarly situated persons properly for all overtime hours – that is, all of the hours worked in excess of forty (40) – within a workweek.

20.     Plaintiffs and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked.

21.     In the course of employment with Defendant, Plaintiffs and other current and former employees similarly situated were not paid their overtime rate of pay for all overtime hours worked.

22.     There are estimated to be over 40 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

23.     The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all

other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

24.    Plaintiffs will fairly and adequately protect the interests of each Class and have retained counsel that is experienced and competent in class/collective actions and employment litigation.  Plaintiffs have no interest that is contrary to, or in conflict with, members of their respective collective.

## COUNT I - OVERTIME DUE UNDER THE FLSA
### (On Behalf of Managers)

25.    Paragraphs one (1) through twenty-four (24) are re-alleged as if fully set forth herein.

26.    At all relevant times, Defendant employed and/or continued to employ Plaintiffs and each member of the proposed class of managers within the meaning of the FLSA.

27.    Defendant has a policy and practice of refusing to pay overtime compensation to its managers for the hours worked in excess of forty (40) hours per week.

28.    Defendant willfully classified Plaintiffs and other similarly situated members of the proposed collective of managers as exempt in efforts to circumvent paying earned overtime; however under the applicable law, an employee is classified as exempt only if they meet the salary basis test under the FLSA.

29.    Defendants' failure to pay Plaintiffs and similarly situated members of the proposed class of managers overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek is a violation of the FLSA, in particular, 29 U.S.C. §§ 206 and 207.

30.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31.     Due to Defendants' FLSA violations, Plaintiffs allege on behalf of the members of the proposed class of managers that they have suffered damages and are entitled to recover from Defendant the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II - VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
**(Plaintiffs Individually And On Behalf Of All Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)**

32.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33.     This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

34.     Under the IMWL, Defendants were and remain obligated to compensate Plaintiffs and similarly situated employees for all hours worked in excess of forty (40) hours in any individual work week.  Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

35.     During the 3 years prior to the filing of this Complaint, Plaintiffs and similarly situated employees were regularly permitted, encouraged and/or required to work in excess of forty (40) hours per week but were not compensated for such overtime work.

36.     By failing to pay overtime compensation due to Plaintiffs and similarly situated employees, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees

7

37.     As a result of Defendants' policy and practice of withholding all overtime compensation due, Plaintiffs and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     Certification of a class of Plaintiffs defined as current and former Krieger managers.  The relevant time period is for work performed within the past three (3) years preceding this lawsuit to the day of trial;

B.     A declaratory judgment that Defendant has violated the overtime provisions of the IMWL as to the Plaintiffs and the Class;

C.     A declaratory judgment that Defendants' violations of the IMWL were willful;

D.     A judgment to Plaintiffs and the Class in the amount of unpaid overtime;

E.     A judgment to Plaintiffs and the Class of punitive damages as provided by IMWL;

F.     A judgment to Plaintiffs and the Class of reasonable attorney's fees;

G.     Costs incurred in filing this action; and

H.     Such other and further relief as this Court deems appropriate and just.

**COUNT III - FAILURE TO PAY WAGES EARNED**
**(Illinois Wage Payment and Collection Act)**
**(Plaintiffs Individually And On Behalf Of All Similarly Situated Employees Pursuant to**
**Fed. R. Civ. Pro. 23**

38.      Plaintiffs repeat and re-allege each of the foregoing paragraphs.

39.     Illinois law provides that "every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq.

40. 820 ILCS §115/9 provides as follows:

> Except as hereinafter provided, **deductions by employers from wages or final compensation are prohibited** unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; (5) [made by certain governmental entities]. (emphasis added)

41.    By making the deductions referenced herein for cash register and other shortages, Defendants failed to pay Plaintiffs and members of the Class wages earned.

42.    The foregoing actions of Defendants constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/3 et seq.  Defendants' actions were willful and not in good faith.

43.    Defendants are liable to Plaintiffs and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115 et seq. and the Illinois Code of Civil Procedure 735 ILCS §5/2-801 and §5/2-802.

44.    Elaine is personally liable pursuant to § 13 of Illinois Wage Payment and Collection Act which provides that "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." 820 ILCS 115/13.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of all similarly situated managers whom Plaintiffs seek to represent in this action, request the following relief:

a.    Certification of a class of Plaintiffs defined as current and former Krieger managers.  The relevant time period is for work performed within the past ten (10) years preceding this lawsuit to the day of trial;

b.        An award of all damages allowed under the law, including statutory interest and attorney fees and costs.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, including the FLSA overtime claim.


Dated: June 25, 2015


                                        Respectfully submitted,


                                        By:/s/ David J. Fish_____
                                               One of Plaintiffs' Attorneys


David Fish
Sarmistha Banerjee
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60565
(630) 355-7590
dfish@fishlawfirm.com
buri@fishlawfirm.com


Thomas J. Homer
Stephen Sotelo
The Law Offices of Thomas J. Homer P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60565
ssotelo@homerlawoffices.com