# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KYLE MELLO, ANNA BLAZEJOWSKA, PATRICIA HALE, and JUSTINE KNAPEREK, individually and on behalf of persons similarly situated, <br><br> Plaintiffs, <br> v. <br><br> KRIEGER KIDDIE CORPORATION and ELAINE B. KRIEGER <br><br> Defendants. | Case No. |

## MOTION FOR CERTIFICATION
## AS A COLLECTIVE ACTION AND A CLASS ACTION

Plaintiffs KYLE MELLO, ANNA BLAZEJOWSKA, PATRICIA HALE, and JUSTINE KNAPEREK ("Plaintiffs"), on behalf of themselves and all others similarly situated, state as follows as their Motion for Certification as a Collective Action and a Class Action:

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/2, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.* for: (a) Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated persons and (b) for Defendants' deduction of compensation from paychecks for cash register and other "shortages". The IMWL and IWPCA claims are proposed class actions under Fed. R. Civ. P. 23 and Plaintiff seeks conditional certification of the overtime FLSA claim as a collective action under 29 U.S.C. §216(b).

2. Because the claims at issue arise from Defendants' uniform practices and conduct, a class action and a collective action are the ideal mechanism for resolving this case.

3. The first violation at issue in this case relates to unpaid overtime. Plaintiffs and other similarly situated persons (managers) worked for Defendant Krieger Kiddie Corporation ("Krieger") in excess of forty (40) hours per week in one or more individual work weeks. Krieger did not pay them overtime pay at a rate of one and one-half times their regular rates of pay for all such hours worked. As a result, Defendant paid Plaintiffs and similarly situated persons an hourly rate other than that required under the FLSA and did not pay all wages that were due under the IMWL.

3. The second violation in this case relates to pay check violations. Historically, and during periods of time within the past 3 years and going back at least 10 years, Krieger has deducted money from its managers' paychecks to defray the ordinary and customary expenses associated with operating a retail store. By way of example, if a cash register at a store is $1.50 short, Krieger deducts this amount from a manager's paycheck.

4. Plaintiffs file this Motion under guidance from our Court of Appeals in *Damasco v. Clearwire Corp.,* 662 F.3d 891 (7th Cir. 2011), to avoid a mootness issue that may result from a tender to the Named Plaintiffs. *Id.* at 896. Plaintiffs shall file a memorandum in support of this motion after the completion of necessary discovery.

WHEREFORE, for the foregoing reasons, Plaintiffs request that the Court:

A. Enter and continue this Motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Plaintiffs to file supplemental evidentiary materials and a supporting memorandum of law; and

C. Grant such other relief as the Court deems appropriate under the circumstances.

Dated: June 25, 2015                                Respectfully submitted,

**Kyle Mello, Anna Blazejowska,**
**Patricia Hale, and Justine Knaperek**


By: /s/ David J. Fish
      One of Plaintiffs' Attorneys


David Fish
Sarmistha Banerjee
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590
dfish@fishlawfirm.com
buri@fishlawfirm.com


Thomas J. Homer
Stephen Sotelo
The Law Offices of Thomas J. Homer P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
ssotelo@homerlawoffices.com