# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KYLE MELLO, ANNA BLAZEJOWSKA, )
PATRICIA HALE, and JUSTINE KNAPEREK, )
individually and on behalf of persons similarly )      Case No.  15-cv-5660
situated, )
)
           Plaintiffs, )                               Honorable Judge Gary Feinerman
    v. )
)
KRIEGER KIDDIE CORPORATION and )
ELAINE B. KRIEGER, )
)
           Defendants. )

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS

The parties have applied, pursuant to Rule 23(e), Fed. R. Civ. P., for an order finally

approving settlement of the claims alleged in the Lawsuit, in accordance with a Class Action

Settlement Agreement (the "Agreement"), which, together with the exhibits annexed thereto sets

forth the terms and conditions for a proposed settlement of the claims against Defendants and for

dismissal of the Lawsuit against Defendants upon the terms and conditions set forth therein, and

the Court has read and considered the Agreement and the exhibits annexed thereto.

The Court conducted a hearing regarding final approval of the Agreement on July 14,

2016. After reviewing the Agreement, all papers filed in connection with Plaintiffs' Unopposed

Motion for Final Approval of Class Action Settlement and Plaintiffs' Unopposed Motion for

Attorneys' Fees and Costs, and the arguments of counsel, and, good cause appearing, IT IS

HEREBY ORDERED THAT:

1.     Pursuant to Rule 23(e), Fed. R. Civ. P., Plaintiffs' Unopposed Motion for Final

Approval of Class Action Settlement is GRANTED.  The Court finally approves the parties'

Agreement and finds that the settlement terms set forth therein are fair, adequate, and reasonable,

Exhibit A — motion for Final Approval

and in the best interest of Plaintiffs and those persons that are identified on exhibits A and B to the Agreement (the "Class Members"), and the Agreement is hereby ordered to be performed by all parties.

2.    The Court hereby confirms as final its provisional certification, for the purposes of settlement, pursuant to Federal Rule of Civil Procedure 23, the following State Law Class:

> All persons employed by Defendant Krieger Kiddie Corporation in the position of store manager, manager in training, assistant manager (including Jr. or Sr. assistant manager), or floor or racks manager, who were classified as exempt from the FLSA's minimum wage and overtime requirements, and who worked in excess of forty (40) hours during any one or more weeks between June 25, 2012 and the present, but were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) in a work week, and who did not affirmatively opt in to the FLSA collective action by sending in a Notice of Consent form prior to January 12, 2016.

3.    The Court hereby confirms as final its appointment of Kyle Mello, Anna Blazejowska, Patricia Hale, and Justine Knaperek as the representatives of the State Law Class.

4.    The Court hereby confirms as final its appointment of David Fish and Kimberly Hilton of The Fish Law Firm and Thomas J. Homer and Stephen Sotelo of the Law Offices of Thomas J. Homer P.C. as Class Counsel.

5.    The Court has determined that the manner of providing notice specified in the Agreement, and also referenced in paragraph 5 of the Preliminary Approval Order, fully and accurately informed the Class of all material elements of the settlement, met the requirements of due process, and was reasonably calculated to apprise the Class Members of the action and settlement.

6.    No Class Members have filed objections and no State Law Class Members have submitted requests for exclusion.

7.    This final approval order applies to all claims or causes of action settled under the terms of the Agreement, and shall be fully binding with respect to all Class Members.

8.      Plaintiffs and all Class Members are barred and permanently enjoined from filing or prosecuting against the Released Parties any individual or class or collective claims, suits or administrative proceedings released by the Agreement as specifically provided for in the Agreement.

9.      The Settlement Payments as provided in the Agreement are approved. Defendants shall issue checks to the Plaintiffs and provide those checks to Class Counsel as provided in the Agreement.  Class Counsel shall distribute checks as provided in the Agreement.

10.      The Court grants the Motion for Attorney Fees and Costs, including the rates of $225 per hour for Stephen Sotelo and $375 per hour for David Fish.  Defendants shall pay Class Counsel the sum of $70,000 as provided for in the Settlement Agreement.

11.      This case is dismissed with prejudice, each party to bear its own fees and costs, except as provided for in the Settlement Agreement.


IT IS SO ORDERED this ___ day of July 2016

                              UNITED STATES DISTRICT JUDGE


                              _____



*Mello, et al. v. Krieger Kiddie Corporation, et al.*
Case No. 15-cv-5660

## NOTICE OF PENDING LAWSUIT
## Date Mailed: 11/13/2015

**1.    What is this Notice about?**

This Notice is about a lawsuit that you may choose to join.

**2.    What is the lawsuit about?**

The lawsuit is about whether Krieger Kiddie Corporation ("KKC") properly paid certain of its employees who worked in excess of forty hours in a week. Plaintiffs allege that KKC improperly failed to pay overtime wages. KKC denies these allegations.

**3.    Why did I get this Notice?**

You received this Notice because KKC identified you as an exempt manager who worked for KKC at any time after June 25, 2012.

**4.    How do I join the lawsuit?**

If you choose to join the lawsuit, complete the attached Notice of Consent form and send it to The Fish Law Firm, P.C. by mail, fax, or e-mail to the address indicated. The Fish Law Firm, P.C. will file your Notice of Consent form with the Court, so please review it before you sign.

**5.    When do I need to mail the Notice of Consent form to join the lawsuit?**

If you choose to join the lawsuit, you must mail the Notice of Consent form by **January 12, 2016**. If you do not mail the Notice of Consent form by **January 12, 2016**, you will not be able to join the lawsuit.

**6.    What happens if I join the lawsuit?**

If you join this lawsuit and the Court does not de-certify the class as it pertains to the Fair Labor Standards Act claims, you will be bound by its outcome. This means that if the employees win the lawsuit or obtain a settlement, you may receive a payment. If the employees lose the lawsuit or if there is no settlement, you will not receive any money. You may be deposed under oath and subject to other obligations as a result of joining the lawsuit.

**7.    What happens if I decide not to join the lawsuit?**

If you choose not to join the lawsuit, you will not be bound by its outcome. This means that regardless of the result in this lawsuit, subject to various federal laws, rules, and procedures, you are free to file your own lawsuit, either on your own behalf or through an attorney, or to take

Exhibit B - Motion for Final Approval

no action. However, you will receive no payment if the employees in this action win the lawsuit or obtain a settlement.

**8.     Can Krieger Kiddie Corporation retaliate against me for joining this lawsuit?**

No. Federal law prohibits Krieger Kiddie Corporation from firing you or taking other adverse action against you in the event you choose to join the lawsuit.

**9.     Who will be my lawyers if I join the lawsuit, and how will the lawyers be paid?**

If you join the lawsuit, you will be represented jointly by The Fish Law Firm, P.C. and The Law Firm of Thomas J. Homer, P.C. The decisions and agreements made and entered into by the representative Plaintiffs Kyle Mello, Anna Blazejowska, Patricia Hale, and Justine Knaperek will be binding on you if you join this lawsuit.

The lawyers representing the employees will only be paid if they win the lawsuit or obtain a settlement. If either happens, the lawyers may receive their fees and costs from Krieger Kiddie Corporation and/or may receive part of any money awarded by the Court or obtained through a settlement. If the employees lose the lawsuit, you will not have to pay your lawyers. You may also retain your own counsel and join this lawsuit with your own counsel.

Krieger Kiddie Corporation is represented by Attorneys Jerome Buch, Giselle Donado, and Laura Reasons at the law firm of Seyfarth Shaw LLP located at 131 South Dearborn Street Suite 2400, Chicago, IL 60603.

**10.     How do I get more information about the lawsuit?**

If you have questions about this Notice or the lawsuit, please write, call, or e-mail attorney David Fish, one of the lawyers representing the employees. Mr. Fish may be contacted at:

> The Fish Law Firm, P.C.
> 200 E 5th Ave Suite 123
> Naperville, IL 60563
> Phone: 630-355-7590
> Fax: 630-778-0400
> Email: dfish@fishlawfirm.com

**THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE COURT HAS TAKEN NO POSITION ON THE MERITS OF THIS LAWSUIT.**

**PLEASE DO NOT CALL OR WRITE THE JUDGE IN THIS LAWSUIT. THE JUDGE CANNOT ANSWER QUESTIONS ABOUT THIS LAWSUIT OR THIS NOTICE.**

*Mello, et al. v. Krieger Kiddie Corporation, et al.*
Case No. 15-cv-5660

## NOTICE OF CONSENT

I was employed full-time by Krieger Kiddie Corporation after June 25, 2012 in the position of store manager, manager in training, assistant manager (including Jr. or Sr. assistant manager), or floor or racks manager, was classified as exempt, and was not paid time and one-half for hours worked in excess of forty (40) hours in a workweek. By my signature below, I consent to join this lawsuit, and I designate KYLE MELLO, ANNA BLAZEJOWSKA, PATRICIA HALE, and JUSTINE KNAPEREK as my agents to make decisions on my behalf about the lawsuit, including how to prosecute the lawsuit, settlement (if any), attorneys' fees (if any) and costs (if any), and all other decisions relating to this lawsuit. I agree to be bound by the outcome of this lawsuit, regardless of the outcome.

Name: _____ (print your name)

Signature: _____

Date on which I signed this Notice: _____

### RETURN THIS FORM BY MAIL, EMAIL OR FAX TO:

**Overtime Lawsuit Against**
**Krieger Kiddie Corporation**
**c/o The Fish Law Firm, P.C.**
**200 E. 5th Ave Suite 123**
**Naperville, IL 60563**
**Telephone: 630-355-7590**
**Fax: 630-778-0400**
**dfish@fishlawfirm.com**

### PLEASE ALSO COMPLETE THE INFORMATION BELOW:
***Note: This Lower Portion Will Not Be Filed With the Court***

NAME: _____ (Print Name)

HOME TELEPHONE NUMBER: _____

CELLULAR NUMBER: _____

ADDRESS: _____

CITY: _____ STATE: _____ ZIP CODE: _____

EMAIL: _____

21314225v.3

Ex. C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KYLE MELLO, ANNA BLAZEJOWSKA, PATRICIA HALE, and JUSTINE KNAPEREK individually and on behalf of persons similarly situated,

        Plaintiffs,

    v.

KRIEGER KIDDIE CORPORATION and ELAINE B. KRIEGER,

        Defendants.

Case No.: 1:15-cv-05660

Judge Gary Feinerman

## CLASS ACTION SETTLEMENT AGREEMENT

### TABLE OF CONTENTS

|       |                                                              | Page |
|-------|--------------------------------------------------------------|------|
| I.    | GENERAL TERMS                                                | 8    |
| II.   | DEFINITIONS                                                  | 10   |
| III.  | SETTLEMENT APPROVAL PROCEDURE                                | 14   |
| IV.   | DUTIES OF THE PARTIES PRIOR TO PRELIMINARY APPROVAL          | 14   |
| V.    | CLAIMS PROCEDURE                                             | 16   |
| VI.   | ATTORNEYS' FEES AND EXPENSES                                 | 20   |
| VII.  | RELEASE BY THE SETTLEMENT CLASS                              | 21   |
| VIII. | NO ADMISSION OF LIABILITY                                    | 23   |
| IX.   | DUTIES OF THE PARTIES RELATED TO FINAL COURT APPROVAL        | 23   |
| X.    | PARTIES' AUTHORITY                                           | 24   |
| XI.   | MUTUAL FULL COOPERATION                                      | 24   |
| XII.  | FAIR, ADEQUATE, AND REASONABLE SETTLEMENT                    | 25   |

26969998v.1

Exhibit C — Motion for Final Approval

XIII.    VOIDING THE AGREEMENT ................................................................ 25

XIV.    NO PRIOR ASSIGNMENTS ................................................................. 25

XV.     ENFORCEMENT ACTIONS ................................................................ 26

XVI.    COMMUNICATIONS ........................................................................... 26

XVII.   CONSTRUCTION ................................................................................ 26

XVIII.  CAPTIONS AND INTERPRETATIONS................................................. 27

XIX.    MODIFICATION................................................................................... 27

XX.     INTEGRATION CLAUSE ..................................................................... 27

XXI.    BINDING ON ASSIGNS....................................................................... 27

XXII.   COUNTERPARTS................................................................................ 27

XXIII.  APPLICABLE LAW.............................................................................. 28

26969998v.1

## CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement (hereinafter, the "Settlement Agreement" or the "Agreement") is made and entered into as of this 16th day of May, 2016 by and between Plaintiffs Kyle Mello, Anna Blazejowska, Patricia Hale, and Justine Knaperek ("Plaintiffs") and all Class Members, on the one hand, and Defendants Krieger Kiddie Corporation and Elaine B. Krieger ("Defendants"), on the other hand.

**WHEREAS**, each Plaintiff and Defendant are each individually a "Party" and collectively referred to as the "Parties." David Fish and Kimberly Hilton of The Fish Law Firm and Thomas J. Homer and Stephen Sotelo of the Law Offices of Thomas J. Homer P.C. are "Class Counsel" representing the Settlement Class. "Counsel for Defendants" is Jerome F. Buch, Giselle Perez de Donado, and Laura E. Reasons of Seyfarth Shaw LLP. Class Counsel and Counsel for Defendants are collectively referred to as the "Attorneys."

**WHEREAS**, on June 25, 2015, Class Counsel filed this action in the United States District Court for the Northern District of Illinois against Defendants on behalf of Plaintiffs and others similarly situated who were employed by Defendants as store managers, assistant managers, managers in training, or some other variation (collectively "Managers") and who were paid on a salary basis (the "Class Action Litigation" or the "Litigation"). The Complaint alleged, *inter alia*, violations of the Fair Labor Standards Act (FLSA), Illinois Minimum Wage Law (IMWL), and Illinois Wage Payment and Collection Act (IWPCA), based on Defendants' alleged failure to meet the salary basis test for its exempt-classified Managers. Plaintiffs alleged that because Defendants failed to meet the salary basis test, Plaintiffs were improperly classified as exempt from the minimum wage and overtime requirements of the FLSA and, therefore, are owed overtime for all hours worked over 40 in a workweek.

3

26969998v.1

**WHEREAS**, Defendants answered the Complaint on August 24, 2015. The Parties then engaged in further investigation and preliminary discovery.

**WHEREAS**, on October 24, 2015, Plaintiff filed a Joint Motion and Stipulation For An Order Authorizing Notice Pursuant to 29 U.S.C. § 216(b). Therein, the Parties stipulated to conditional certification of an FLSA collective and notice to be mailed to putative collective action members. On October 27, 2015, the Court granted Plaintiffs' Joint Motion and conditionally certified a collective under 29 U.S.C. § 216(b) of "All persons employed by Defendant KKC in the position of store manager, manager in training, assistant manager (including Jr. or Sr. assistant manager), or floor or racks manager, who were classified as exempt from the FLSA's minimum wage and overtime requirements, and who worked in excess of forty (40) hours during any one or more weeks between June 25, 2012 and the present, but were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) in a work week."

**WHEREAS**, on November 12, 2015, Notice went out to all members of the FLSA collective action by email. Subsequently, twelve consents to join the collective action were filed. Those twelve consents to join are in addition to the four Plaintiffs and two other individuals who filed consents to join before notice went out (collectively "FLSA Opt-In Plaintiffs," as defined herein). A list of the eighteen total FLSA Opt-In Plaintiffs is attached hereto as Exhibit A.

**WHEREAS**, the State Law Class is defined the same as the FLSA Collective, and therefore the FLSA Opt-In Plaintiffs are also part of the State Law Class, but for purposes of the Settlement, the State Law Class shall consist of the Plaintiffs and all Class Members who are not FLSA Opt-In Plaintiffs in the Litigation. A list of the State Law Class Members--other than the Plaintiffs, who are included on the list of FLSA Opt-In Plaintiffs--is attached hereto as Exhibit B.

4

Although the Plaintiffs are members of the State Law Class and are class representatives for the State Law Class, they shall be eligible to receive payments, subject to the requirements herein, pursuant to the calculations for the FLSA Opt-In Plaintiffs, since they affirmatively joined the Litigation. But if the Plaintiffs do not sign a General Release, like any other FLSA Opt-In Plaintiffs who do not sign a General Release, they will receive payments calculated pursuant to the terms of subpart b of Paragraph 1 of this Agreement.

**WHEREAS**, in light of the discovery conducted to date, the time and expense associated with future discovery, and the challenges and risks associated with a trial of this matter, the Parties elected to engage in settlement discussions. Specifically, the case was referred to United States Magistrate Judge Maria Valdez to conduct a settlement conference. In connection with this settlement conference, Counsel for the Parties exchanged information and data, and engaged in good faith negotiations on February 23, 2016, presided over by Judge Valdez.

**WHEREAS,** the Parties have worked to narrow the issues, identify areas of agreement, and make additional concessions when appropriate, all of which was overseen by Magistrate Judge Valdez. With Magistrate Judge Valdez's assistance, the Parties reached an agreement to settle all material aspects of the Class Action Litigation, subject to the Court's preliminary and final approval under Rule 23 of the Federal Rules of Civil Procedure and its supervision and approval under the FLSA.

**WHEREAS**, it is the desire of the Parties to: (1) fully, finally, and forever settle, compromise, and discharge all disputes and claims on behalf of the State Law Class Members (including the Plaintiffs) that Plaintiffs raised in the Class Action Litigation, and (2) fully, finally, and forever settle, compromise, and discharge all disputes and claims on behalf of the

26969998v.1

FLSA Opt-In Plaintiffs that Plaintiffs raised in the Class Action Litigation, or that they could have raised.

**WHEREAS**, it is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release of claims against Defendants pursuant to the terms described herein, which release includes in its effect Defendants and all Related Persons as defined herein.

**WHEREAS**, the Parties reached an equitable settlement after substantial discovery and motion practice, and after arm's-length negotiations assisted by a United States Magistrate Judge. The Parties and the Attorneys believe that this Settlement Agreement provides a fair and reasonable resolution for the Parties.

**WHEREAS**, it is the intention of the Parties that this Agreement shall be binding on: (1) the Plaintiffs and the classes they represent, including the FLSA Collective and the State Law Class; and (2) Defendants and their present and former parent companies, subsidiaries, affiliated entities, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, subject to the terms and conditions hereof and the approval of the Court.

**WHEREAS**, in addition to litigating, negotiating, and administering judicial notice, counsel for the Parties have vigorously pursued their positions and the rights of their clients for over nine months through extended legal and factual analysis, discovery, and exchanges of information, including certain class-wide information. The terms of the Settlement Agreement are based on a thorough evaluation of this evidence and the underlying case law.

**WHEREAS**, Defendants deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged in Plaintiffs' complaint. Specifically, Defendants deny that

6

their pay practices failed to comply with the FLSA, the IMWL, the IWPCA, or any other federal or state law.

**WHEREAS**, Class Counsel represents that they have conducted a thorough investigation into the facts of the Class Action Litigation and have diligently pursued an investigation of the claims asserted in the Litigation. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate, and in the best interest of the Class in light of all known facts and circumstances, risks, delays and uncertainties of continued litigation, the defenses asserted by Defendants, the inherent risk of denial of class certification, and the risk and uncertainties inherent in a trial on the merits.

**WHEREAS**, Defendants and their counsel also wish to avoid the expense, burden, diversion and risk of protracted litigation and wish to resolve this matter.

**WHEREAS**, Defendants represent that the paystubs relied on for the Settlement Payment Calculations are accurate to the best of their knowledge, and Defendants further represent that that data and calculations that they have made based on the paystubs were made in good faith and are accurate to the best of their knowledge.

**WHEREAS**, should the Settlement Agreement not become final for any reason, nothing from the settlement process, including documents created or obtained from the settlement process and settlement administration, shall be admissible evidence in this action or used in any way contrary to Defendants' or Plaintiffs' and Class Members' interests. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement nor any document, statement, proceeding, or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any Party. However, nothing in this Paragraph shall

7

preclude the offer, admission or use of relevant information, testimony or evidence properly and independently obtained through discovery in the ordinary course of litigation.

**NOW, THEREFORE**, in consideration of the foregoing premises and the mutual promises hereinafter set forth, the Parties agree as follows:

I.      **GENERAL TERMS**

    1.      In settlement of the Class Action Litigation, Defendants Shall Pay:

        a.      Eighty-Five Thousand Dollars and No Cents ($85,000.00) total to the eighteen FLSA Opt-In Plaintiffs. Each FLSA Opt-In Plaintiff who signs a General Release will get a pro rata share of the $85,000, based on his or her actual hours worked over 80 in each two-week pay period that the FLSA Opt-In Plaintiff worked for Defendants as an exempt-classified manager during the Class Period. Each FLSA Opt-In Plaintiff's pro rata share of the $85,000 is reflected on Exhibit A. If an FLSA Opt-In Plaintiff does not sign a General Release, he or she will not be eligible for payment under subpart a of Paragraph 1. Instead, his or her payment under subpart a. will revert to Defendants and he or she will, instead receive a payment pursuant to subpart b of Paragraph 1, below. If this occurs, the Parties will recalculate the Opt-In Plaintiff's Settlement Payment pursuant to the formula utilized in subpart b of Paragraph 1 (seventy-five percent (75%) of the value of overtime hours worked during a three-year statute of limitations) and pay the Opt-In Plaintiff the lower amount as between the payment calculated pursuant to subpart a of Paragraph 1 or subpart b of Paragraph 1;

        b.      A minimum of Eighty-One Thousand Seven-Hundred Thirty-Four Dollars and Two Cents ($81,734.02) to the State Law Class Members, which represents seventy-five percent (75%) of the value of overtime hours worked during a three-year statute of limitations to each State Law Class Member. Although Plaintiffs Mello, Hale, Blazejowska, and Knaperek are Class Representatives of the State Law Class, and although the FLSA Opt-In Plaintiffs are also technically members of the State Law Class, they will receive a Settlement Payment as FLSA Opt-In Plaintiffs under subpart a of Paragraph 1, if they sign a General Release. They will not receive a payment pursuant to subpart b of Paragraph 1, unless they refuse to sign a General Release, since that would result in a double recovery to Plaintiffs. Each State Law Class Member's anticipated payment is reflected on Exhibit B. Any FLSA Opt-In Plaintiff who refuses to sign a General Release, will not

automatically receive a payment under subpart a of Paragraph 1. Instead, he or she will receive the lower amount as between the payment calculated pursuant to subpart a of Paragraph 1 or subpart b of Paragraph 1. The Parties will calculate the amount due to any such Opt-In Plaintiff under subpart b of Paragraph 1 and will work in good faith to agree on the amount, should any FLSA Opt-In Plaintiff refuse to sign a General Release; and

c.  Up to $70,000 in attorneys' fees and costs to Class Counsel, as approved by the Court. Defendants will not object to Class Counsel's petition for fees and costs in an amount up to $70,000.00 and will not ask any other person to object. The payment of fees and costs shall be allocated with fifty percent (50%) of the payment being paid to the Law Office of Thomas J. Homer, P.C., and the other fifty percent (50%) of the payment being paid to The Fish Law Firm, P.C.

2.  Each FLSA Opt-In Plaintiff who receives and cashes a Settlement Payment pursuant to subpart a of Paragraph 1, above, shall receive a Form W-2 and a Form 1099. Fifty percent (50%) of each FLSA Opt-In Plaintiff's Settlement Payment shall be allocated as wages, and the remaining fifty percent (50%) of each Settlement Payment shall be allocated as penalties, interest and other non-wage recovery. Defendants shall pay the employer's portion of State and Federal payroll taxes for the FLSA Opt-In Plaintiffs. Appropriate withholding of federal, state, and local income taxes, and the FLSA Opt-In Plaintiffs' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective checks and reported in the above referenced Form W-2. Other than the withholding and reporting requirements herein, FLSA Opt-In Plaintiffs shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement.

3.  Each FLSA Opt-In Plaintiff who refuses to sign a General Release and each State Law Class Member, who receives and cashes a Settlement Payment pursuant to subpart b of Paragraph 1, above, shall receive a Form W-2. One hundred percent (100%) of each such FLSA

9

Opt-In Plaintiff's or State Law Class Member's Settlement Payment shall be allocated as wages. Defendants shall pay the employer's portion of State and Federal payroll taxes for the State Law Class Members and such FLSA Opt-In Plaintiffs. Appropriate withholding of federal, state, and local income taxes, and the State Law Class Members' or such FLSA Opt-In Plaintiffs' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective checks and reported in the above referenced Form W-2. Other than the withholding and reporting requirements herein, State Law Class Members or such FLSA Opt-In Plaintiffs shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement.

4.      Class Counsel will receive Forms 1099 for the payment of fees and costs.

5.      The Parties agree to stay the Class Action Litigation until such time as the Court renders the Final Judgment.

6.      The Parties agree to cooperate to effectuate the terms of this Agreement, to take all steps necessary and appropriate to obtain preliminary approval and final approval of this Settlement Agreement, and to dismiss the Class Action Litigation with prejudice upon entry of Final Judgment.

## II.      **DEFINITIONS**

1.      "Claim Exclusion and Objection Deadline" means the date that is forty-five (45) calendar days after the mailing date of the Class Notice, and shall be the last date by which any one of the following actions must occur in order for such action to be timely and effective: (a) a Class Member who wishes to be excluded from the Settlement Class must submit a Request for Exclusion in the manner specified in Section V (only State Law Class Members may exclude themselves from the settlement); and (b) a Class Member who wishes to object to the Settlement

26969998v.1

must file with the Court a timely written objection to the Settlement, as such deadline for objecting may be set by the Court (only State Law Class Members may object to the settlement).

2.　　"Class Counsel" refers to counsel of record for Plaintiffs.

3.　　"Class Members" refers to all persons who meet one or both of the definitions of FLSA Opt-In Plaintiffs or the State Law Class Members, as defined herein, and who are specifically identified on either Exhibit A or Exhibit B.

4.　　"Class Notice - FLSA Opt-In Plaintiffs" refers to the document titled "Notice of Class Action Settlement and Proposed Hearing Date to FLSA Opt-In Plaintiffs," to be sent to the FLSA Opt-In Plaintiffs to inform them of the terms of this Settlement Agreement and their rights and options related thereto, which is attached hereto as Exhibit C-1.

5.　　"Class Notice - State Law Class Members" refers to the document titled "Notice of Class Action Settlement and Proposed Hearing Date to State Law Class Members" to be sent to the State Law Class Members to inform them of the terms of this Settlement Agreement and their rights and options related thereto, which is attached hereto as Exhibit C-2.

"Class Notices" refers, collectively, to the Class Notice - FLSA Opt-In Plaintiffs (Exhibit C-1) and the Class Notice - State Law Class Members (Exhibit C-2).

6.　　"Class Period" for the State Law Class Members means June 26, 2012 through July 31, 2015; and for the FLSA Opt-In Plaintiffs, means the time period starting three years before each individual filed his or her consent to join the litigation.

7.　　"Class Representatives" means Plaintiffs Kyle Mello, Anna Blazejowska, Patricia Hale, and Justine Knaperek.

8.　　"Court" refers to the United States District Court for the Northern District of Illinois, Eastern Division.

11

9.      "Defendants" refers to Krieger Kiddie Corporation and Elaine B. Krieger, and their present and former parent companies, subsidiaries, affiliated entities, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns.

10.      "Effective Date" means the first business day after the last day of the period for appeal of the Final Judgment, or if an appeal has been filed, the date on which the appeal is final. The Parties agree to waive all rights to appeal upon entry of Final Judgment. Notwithstanding the foregoing, where the Final Judgment entered by the Court grants full relief sought by the Parties in the absence of any objection, the Effective Date shall be the date of the Final Judgment.

11.      "Final Approval Hearing" means the hearing at which the Court will finally approve the Settlement and make such other final rulings as are contemplated by this Settlement Agreement.

12.      "Final Judgment" means the order entered by the Court at or after the Final Approval Hearing. The Parties shall submit a Proposed Order of Final Approval, setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court before the Final Approval Hearing or at such other time as the Court deems appropriate.

13.      "FLSA Collective" means the class of persons certified by the Court as conditionally permitted to join the collective action under the FLSA, as further defined herein.

14.      "FLSA Opt-In Plaintiffs" (each an "FLSA Opt-In Plaintiff") is defined as all individuals who submitted consents to join the collective action prior to January 12, 2016, and are identified in Exhibit A, hereto, which identifies each and every FLSA Opt-In Plaintiff which shall control to identify such persons.

12

15.     "Notice Period" refers to the 45-day period during which State Law Class Members may exclude themselves from the settlement or object to the settlement, according to the terms of the Settlement Agreement, and ends coinciding with the Claim Exclusion and Objection Deadline.

16.     "Order of Preliminary Approval" means the Order of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure granting preliminary approval of this Settlement Agreement, attached as Exhibit D, or as may be modified by subsequent mutual agreement of the Parties in writing and approved by the Court.

17.     "Opt-Out" is a State Law Class Member who has timely filed a Request for Exclusion using the process specified in the Agreement.

18.     "Parties" refers to the Plaintiffs and Defendants, and in the singular refers to either Plaintiffs or Defendants, as the context makes apparent.

19.     "Plaintiffs" means Kyle Mello, Anna Blazejowska, Patricia Hale, and Justine Knaperek.

20.     "Preliminary Approval Date" is the date on which the Court issues the Order of Preliminary Approval.

21.     "Released Parties" means the same as "Defendants" as that term is defined herein.

22.     "Request for Exclusion" means a request that a State Law Class Member timely and properly submits to Class Counsel, pursuant to the terms of the Settlement Agreement, to be excluded from the Settlement.  FLSA Opt-In Plaintiffs may not exclude themselves from the Settlement.

23.     "Settlement Agreement" or "Settlement" refers to this Class Action Settlement Agreement.

13

26969998v.1

24.     "Settlement Class" means all Class Members except those State Law Class Members who submit a valid Request for Exclusion.

25.     "Settlement Payment" means a payment to a Settlement Class Member, pursuant to the terms of this Agreement.

26.     "State Law Class Members" (each a "State Law Class Member") or the "State Law Class" refers to the Plaintiffs and all Class Members who are not FLSA Opt-In Plaintiffs in the litigation, except that the Plaintiffs are part of the State Law Class even though they are also FLSA Opt-In Plaintiffs.  The State Law Class Members are identified in Exhibit B hereto, which identifies each and every member of the State Law Class--other than the Plaintiffs, who are included on the list of FLSA Opt-In Plaintiffs (Exhibit A)--which shall control to identify such persons.

## III.     SETTLEMENT APPROVAL PROCEDURE

27.     This Agreement will become final and effective only upon the occurrence of all of the following events:  (a) the Agreement is executed by Class Counsel, the Plaintiffs, and Defendants; (b) the Court preliminarily approves the material terms of the Settlement as set forth in this Agreement and enters, without material change, the proposed Order of Preliminary Approval attached as Exhibit D; (c) the Class Notices are sent to the Class Members; (d) State Law Class Members are afforded the opportunity to exclude themselves from the Settlement by submission of a Request for Exclusion or to file written objections; and (e) the Court holds the Fairness Hearing, approves the Settlement, and enters Final Judgment.

## IV.     DUTIES OF THE PARTIES PRIOR TO PRELIMINARY APPROVAL

28.     As soon as is practicable and without undue delay, the Parties shall submit this Settlement Agreement to the Court, seeking preliminary approval of the Settlement Agreement.

26969998v.1

Promptly upon execution of this Settlement Agreement by all Parties, the Parties shall apply to the Court for the entry of an order substantially in the following form:

    a.    Preliminarily approving the Settlement Agreement, subject only to the objections of State Law Class Members, modification of the Settlement Agreement if agreed to by the Parties, and final review by the Court;

    b.    Approving as to form and content the Class Notices;

    c.    Directing the mailing of the Class Notices by first class mail to Class Members, by Class Counsel;

    d.    Scheduling a final hearing on the question of whether the proposed settlement, including, without limitation, payment of attorneys' fees, costs, and litigation expenses should be finally approved as fair and reasonable;

    e.    Enjoining Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims released by the Settlement after the Claim Exclusion and Objection Deadline has passed, unless and until such Class Members have filed valid Requests for Exclusion (in the case of State Law Class Members only), pursuant to the terms of this Agreement.

29.    Class Counsel will prepare and file the motion for preliminary approval. The Parties will cooperate and endeavor to file the motion as unopposed. Defendants will not oppose the motion, except to the extent it does not comport with this Agreement.

30.    Defendants will prepare the calculations of the amounts owed to each individual FLSA Opt-In Plaintiff and State Law Class Member, based on Defendants' payroll records. Defendants will provide the back-up documents to Class Counsel upon request, to the extent not already provided during discovery.

26969998v.1

V.      **CLAIMS PROCEDURE**

31.     No later than fourteen (14) calendar days following the Preliminary Approval Date, Class Counsel shall send to each Class Member the Class Notice (whether the Class Notice - FLSA Opt-In Plaintiffs or the Class Notice - State Law Class Members) via first class U.S. mail, postage prepaid, to each Class Member's last-known physical address and via e-mail to each Class Member's last known e-mail address, as reflected in Defendants' records, which were earlier provided to Class Counsel during the Litigation. Class Counsel will also mail and e-mail the General Release to the FLSA Opt-In Plaintiffs with their notice.

32.     To receive a Settlement Payment, in the amount set out on Exhibit A, hereto, FLSA Opt-In Plaintiffs must sign a General Release, a copy of which is attached as Exhibit E. FLSA Opt-In Plaintiffs may not exclude themselves from the Settlement. If a FLSA Opt-In Plaintiff does not sign a General Release, he or she will not be eligible to receive a payment under subpart a of Paragraph 1 of this Agreement, which is set out on Exhibit A. Instead, his or her payment under subpart a of Paragraph 1, set out on Exhibit A, will revert to Defendants and he or she will, instead receive a payment calculated pursuant to subpart b of Paragraph 1 of this Agreement (based on seventy-five percent (75%) of the value of overtime hours worked during a three-year statute of limitations), or a payment pursuant to subpart a of Paragraph 1 of this Agreement whichever is lower. The Parties will calculate and work in good faith to agree on the amount due pursuant to subpart b of Paragraph 1, should any FLSA Opt-In Plaintiff refuse to sign a General Release. In other words, any FLSA Opt-In Plaintiff who refuses to sign a General Release will receive a smaller payment (consistent with the method of calculating payments for the State Law Class Members), and will only waive claims brought in the Litigation (instead of all claims under the General Release, which includes claims brought and which could have been brought in the Litigation).

16

33.     State Law Class Members will receive a Settlement Payment, in the amount set out on Exhibit B, hereto, unless they exclude themselves from the Settlement by returning a timely Request for Exclusion.

34.     With regard to any Class Notices that are returned to Class Counsel as undeliverable, Class Counsel will take reasonable steps to obtain a correct mailing address and may, at their discretion, make one attempt to resend the undelivered Class Notices.

35.     For settlement purposes only, the Parties have assumed that the hours worked by each Class Member are records that Defendants accurately maintained and that Defendants' calculations (as approved by Class Counsel), accurately reflect the amounts owed to each Class Member based on Defendants' data, under the terms of the Settlement Agreement. Defendants represent that the paystubs relied on for the Settlement Payment Calculations are accurate to the best of their knowledge, and Defendants further represent that that data and calculations that they have made based on the paystubs were made in good faith and are accurate to the best of their knowledge.

36.     Only State Law Class Members may object to the Settlement Agreement. To object to the Agreement, the State Law Class Member must send a written objection to Class Counsel, with copies to Defendants' counsel, no later than the Claim Exclusion and Objection Deadline. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection.

37.     For a State Law Class Member to exclude himself or herself from the Settlement, he or she must write and submit a Request for Exclusion in the form of a letter that states: "I request to be excluded from the settlement in *Mello v. Krieger Kiddie Corp., et al.* (Case No. 15-cv-05660) (U.S. District Court for the Northern District of Illinois, Eastern Division). I affirm

17

that I was employed by Krieger Kiddie Corporation in the position of store manager, manager in training, assistant manager (including Jr. or Sr. assistant manager), or floor or racks manager, and was classified as exempt from the FLSA's minimum wage and overtime requirements, and worked in excess of forty (40) hours during any one or more weeks between June 25, 2012 and the present, but was not paid time and one-half of my regular rate of pay for all hours worked in excess of forty (40) in a work week." The State Law Class member must also include his or her full name, address, and telephone number, and he or she must personally sign the letter. All Requests for Exclusion must be submitted by the Claim Exclusion and Objection Deadline. No Settlement Class member may exclude himself or herself by telephone, fax or e-mail. The date of submission is deemed to be the earlier of: (a) the date the form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; or (b) the date the form is received by Class Counsel. Any State Law Class Member who submits a timely and valid Request for Exclusion Form shall NOT: (i) be bound by any orders or judgments entered in this Class Action Litigation; (ii) be entitled to benefits or relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to the Settlement or appeal from any order of the Court. Upon receipt of a Request for Exclusion, Class Counsel shall promptly notify and send a copy of the Request for Exclusion to counsel for Defendants. If a fully completed and properly executed Request for Exclusion is not received by Class Counsel from a State Law Class Member timely, then that Class State Law Member will be deemed to have forever waived his or her right to opt out of the Settlement Class. FLSA Opt-In Plaintiffs may not exclude themselves from the settlement.

38.     No later than seven (7) calendar days in advance of the Final Approval Hearing, or by such other date as the Court may direct: (1) Class Counsel shall file and serve a motion for

final approval of the Settlement; and (2) the Parties shall file a proposed order granting final approval of the Settlement, along with a proposed judgment that conforms with Fed. R. Civ. P. 58.

39.     No later than forty-five (45) calendar days following entry of the Final Judgment (except that if an appeal is filed, payments are not due until 45 days after the appeal is resolved), Defendants shall provide Class Counsel with checks representing the Settlement Payment of each State Law Class Member who did not submit a valid and timely Request for Exclusion and each FLSA Opt-In Plaintiff.  Class Counsel will distribute the checks to the Settlement Class members using their last known address, as provided by Defendants previously in the litigation or by other means Class Counsel deems appropriate.

40.     Settlement Payment checks shall become void 90 days after issue.  Within 30 days after checks become void, Defendants will provide to Class Counsel a list of Settlement Class Members who have not cashed their checks.  Class Counsel may, at their sole discretion, attempt to locate and contact any such Settlement Class Members, for the purposes of ensuring they receive their payments under this Agreement.  If any such Settlement Class Member comes forward, through Class Counsel, and provides a sworn written statement verifying that the individual is a Settlement Class Member who is seeking payment under this Agreement, within thirty (30) months following the date that Defendants provide the list to Class Counsel, Defendants will issue a new check for the same amount as the Settlement Class Member's original, voided check.  Defendants will make the check payable to Class Counsel, who will deposit it into their trust account.  Class Counsel may withhold the cost of any search used to locate the Settlement Class Member and will pay the remainder of the amount to the Settlement Class Member.  Defendants have no obligation to provide replacement check(s) until Class

19

Counsel provides the sworn verification(s) described herein. Class Counsel shall not be entitled to any fees for their time spent on attempting to locate Settlement Class Members through the provisions of this Paragraph. Class Counsel shall be entitled to costs associated with their attempts to locate Settlement Class Members, only to the extent described in this Paragraph.

41.     Defendants shall be responsible for deducting and withholding the employee's share of all required income, payroll and other taxes, and for deducting, withholding and remitting all necessary taxes and withholdings to the appropriate governmental agencies.

42.     Pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. §1715, Defendants will notify the appropriate governmental authorities, including, but not limited to, the attorneys general of the United States and Illinois. Defendants also agree to provide documents and information to the appropriate governmental authorities pursuant to Section 1715. Defendants will serve a copy of the notice and information provided to the appropriate governmental authorities on Class Counsel, via e-mail.

## VI.     ATTORNEYS' FEES AND EXPENSES

43.     Class Counsel will move the Court for an award of attorneys' fees, litigation expenses, and costs of up to $70,000. Defendants will not oppose Class Counsel's request for fees not to exceed $70,000. The attorneys' fees, litigation expenses, and costs awarded by the Court shall be in addition to, not subtracted from, the Settlement Payments to the Class Members described herein.

44.     No later than forty-five (45) calendar days following entry of the Final Judgment (except that if an appeal is filed, payments are not due until 45 days after the appeal is resolved), Defendants shall pay to Class Counsel the attorneys' fees, litigation expenses, and costs that are awarded by the Court.

26969998v.1

45.     Plaintiffs and Class Counsel understand and agree that any fee payments made under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs arising from or relating to the representation of the Plaintiffs and Class Members or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of this Litigation; provided, however, that if Plaintiffs move to enforce the terms of the settlement or to collect upon it, then Class Counsel reserves its right to assert that they are entitled to reasonable attorneys' fees and costs incurred in doing so.

## VII.     **RELEASE BY THE SETTLEMENT CLASS**

46.     Upon entry of Final Judgment, all State Law Class Members and FLSA Opt-In Plaintiffs who do not sign a General Release, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge all claims raised in the litigation ("Released Wage Claims"). State Law Class Members and FLSA Opt-In Plaintiffs who do not sign a General Release may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Wage Claims. However, upon entry of Final Judgment (and to the extent provided for in this Paragraph), State Law Class Members and FLSA Opt-In Plaintiffs who do not sign a General Release shall be deemed to have, and by operation of the Final Judgment fully, finally, and forever settled and released any and all of the Released Wage Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts which are released by this Agreement.

21

26969998v.1

47.    Upon entry of Final Judgment, all FLSA Opt-In Plaintiffs who signed a General Release, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge all claims raised in the Litigation, including all claims under the FLSA, IMWL, and IWPCA ("Released Wage Claims") and all existing claims against the Released Parties, whether or not raised in the Litigation and whether or not they could have been raised in the litigation ("Other Released Claims"). FLSA Opt-In Plaintiffs who signed a General Release may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Wage Claims. However, upon entry of Final Judgment (and to the extent provided for in this Paragraph), FLSA Opt-In Plaintiffs who signed a General Release shall be deemed to have, and by operation of the Final Judgment fully, finally, and forever settled and released any and all of the Released Wage Claims and Other Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts which are released by this Agreement.

48.    Excluded from this release is FLSA Opt-In Plaintiff Barbara Miller's alleged FLSA retaliation claim. Whether Miller signs a General Release or does not sign a General Release, she does not waive her right to assert an FLSA retaliation claim. However, Miller will waive all of her other claims that are otherwise waived pursuant to the terms of this Agreement.

49.    Each Settlement Class Member forever agrees that he or she shall not institute any action seeking, nor accept, back pay, overtime premiums, penalties, liquidated damages, punitive

26969998v.1

damages, penalties of any nature, attorneys' fees and costs, or any other relief from any other

suit, class or collective action, administrative claim or other claim of any sort or nature

whatsoever against Released Parties, for any period through the Preliminary Approval Date,

arising from any claims released in this Section. This release shall become effective upon entry

of Final Judgment.

The releases herein do not release any rights relating to the enforcement of the terms of

this Agreement.

## VIII.      NO ADMISSION OF LIABILITY

50.      This Agreement shall not in any way be construed as an admission by Defendants

that they have acted wrongfully with respect to Plaintiffs or Class Members collectively or

individually or to any other person, or that those individuals have any rights whatsoever against

Defendants, and Defendants specifically disclaim any liability to or wrongful acts against the

Plaintiffs and Class Members or any other person, on the part of Defendants, and their respective

predecessors, successors and assigns, current and former direct and indirect parents, affiliates,

subsidiaries, divisions, and related business entities, and its and their current and former officers,

directors, shareholders, employees, agents, and representatives. This Agreement shall not serve

or be construed as evidence that any Party has prevailed or that Defendants or the Released

Parties have engaged in any wrongdoing.

51.      This Agreement is a settlement document and shall be inadmissible in evidence in

any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## IX.      DUTIES OF THE PARTIES RELATED TO FINAL COURT APPROVAL

52.      No later than seven (7) calendar days prior to the date of the Final Approval

Hearing, or by such other date as the Court may direct, the Parties shall submit a proposed Final

Judgment:

26969998v.1

a.   Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.   Approving the Settlement Payments;

c.   Approving Class Counsel's application for an award of attorneys' fees and costs;

d.   Dismissing this Lawsuit with prejudice and permanently barring and enjoining all Settlement Class Members from filing or prosecuting against Released Parties, any individual or class or collective claims released herein pursuant to this Agreement, upon satisfaction of all payments and obligations hereunder.

53.   Class Counsel will prepare and file the motion for final approval. The Parties will cooperate and endeavor to file the motion as unopposed. Defendants will not oppose the motion, to the extent that it is consistent with the terms of this Agreement.

## X.   PARTIES' AUTHORITY

54.   The signatories hereto hereby represent that they are fully authorized to enter into this Settlement and bind the Parties hereto, to its terms and conditions.

## XI.   MUTUAL FULL COOPERATION

55.   The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Settlement. The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein. As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Settlement.

24

26969998v.1

56.     Should the Court not approve the Agreement, or should the Court not approve and enter the Preliminary Approval Order (or in a form without any changes by the Court that either of the Parties deems material), the terms of this Agreement will be null and void, the Parties will retain all rights and defenses in the Litigation, and all negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Litigation will be inadmissible. In such an event, the Parties agree in good faith to negotiate about appropriate revisions and re-submit for the Court's approval.  In the event this settlement is never approved by the Court, the Parties will retain all rights and defenses in the Litigation, and all negotiations and information and materials pertaining in any way to this Litigation or the settlement of the Litigation will be inadmissible.

## XII.     FAIR, ADEQUATE, AND REASONABLE SETTLEMENT

57.     The Parties agree that the Settlement Agreement is fair, adequate, and reasonable, and will so represent to the Court.

## XIII.     VOIDING THE AGREEMENT

58.     If this Settlement Agreement is not ultimately approved by the Court, the Settlement shall be deemed null and void, of no force and effect, of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any impermissible purpose.

## XIV.     NO PRIOR ASSIGNMENTS

59.     The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged in this Settlement.

26969998v.1

XV.  **ENFORCEMENT ACTIONS**

60.   In the event any Party institutes any legal action or other proceeding to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Agreement, and prevails, the prevailing party shall be entitled to recover from the non-prevailing party reasonable attorneys' fees and costs, including expert witness fees.

XVI.  **COMMUNICATIONS**

61.   Unless otherwise specifically provided, all notices, demands or other communications given under this Settlement shall be in writing to the Party's counsel of record and shall be deemed received on the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

Class Counsel:

David Fish
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(331) 425-7083 Direct
(630) 778-0400 Facsimile

Defendants' Counsel:

Laura E. Reasons
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
(312) 460-5545 Direct
(312) 460-7545 Facsimile

XVII.  **CONSTRUCTION**

62.   The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and that the Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her or its counsel participated in the drafting of this Settlement.

26

26969998v.1

## XVIII.  CAPTIONS AND INTERPRETATIONS

63.   Paragraph titles or captions contained in this Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions.

## XIX.  MODIFICATION

64.   This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

## XX.  INTEGRATION CLAUSE

65.   This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Settlement.  No rights under this Settlement may be waived except in writing.

## XXI.  BINDING ON ASSIGNS

66.   This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and the FLSA Opt-In Plaintiffs and State Law Class Members, and their respective heirs, trustees, executors, administrators, successors, assigns, guardians, conservators, and court-appointed representatives.

## XXII.  COUNTERPARTS

67.   This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement

26969998v.1

Agreement. A copy, facsimile or digital image of this executed Agreement or a counterpart shall be binding and admissible as an original.

## XXIII.   APPLICABLE LAW

68.   This Settlement Agreement shall be governed by and construed in accordance with Illinois law.

*[Hereafter Left Intentionally Blank – Signature Pages Follow]*

**ATTORNEYS FOR PLAINTIFFS:**

David Fish
Kimberly Hilton
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(331) 425-7083 Direct
(630) 778-0400 Facsimile

Thomas J. Homer
Stephen Sotelo
The Law Firm of Thomas J. Homer, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 428-3311 Direct
(630) 428-3344 Facsimile

**PLAINTIFFS**

Kyle Mello

Anna Blazejowska

Justine Knaperek

Patricia Hale

29

26969998v.1

**ATTORNEYS FOR PLAINTIFFS:**

David Fish
Kimberly Hilton
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(331) 425-7083 Direct
(630) 778-0400 Facsimile

Thomas J. Homer
Stephen Sotelo
The Law Firm of Thomas J. Homer, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 428-3311 Direct
(630) 428-3344 Facsimile

**PLAINTIFFS**

Kyle Mello

Anna Blazejowska

Justine Knaperek

Patricia Hale

29

## ATTORNEYS FOR PLAINTIFFS:

David Fish
Kimberly Hilton
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(331) 425-7083 Direct
(630) 778-0400 Facsimile

Thomas J. Homer
Stephen Sotelo
The Law Firm of Thomas J. Homer, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 428-3311 Direct
(630) 428-3344 Facsimile

## PLAINTIFFS

Kyle Mello

Anna Blazejowska

Justine Knaperek

Patricia Hale

29

## ATTORNEYS FOR PLAINTIFFS:

David Fish
Kimberly Hilton
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(331) 425-7083 Direct
(630) 778-0400 Facsimile

Thomas J. Homer
Stephen Sotelo
The Law Firm of Thomas J. Homer, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 428-3311 Direct
(630) 428-3344 Facsimile

## PLAINTIFFS

Kyle Mello

Anna Blazejowska

Justine Knaperek

Patricia Hale

29

**ATTORNEYS FOR PLAINTIFFS:**

David Fish
Kimberly Hilton
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(331) 425-7083 Direct
(630) 778-0400 Facsimile

Thomas J. Homer
Stephen Sotelo
The Law Firm of Thomas J. Homer, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 428-3311 Direct
(630) 428-3344 Facsimile

**PLAINTIFFS**

Kyle Mello

Anna Blazejowska

Justine Knaperek

Patricia Hale

**FOR DEFENDANTS:**

Krieger Kiddie Corporation

By: _Elaine B. Krieger_
    Its President

_Elaine B. Krieger_

Elaine B. Krieger

30

<u>**EXHIBIT A**</u>
**FLSA OPT-IN PLAINTIFFS**

|     | Name | OT Hours | % of Total OT Hours | Settlement Payment |
|-----|------|----------|---------------------|--------------------|
| 1.  | Alyssa Sowinski | 707.50 | 8.28% | $7,039.36 |
| 2.  | Anna Blazejowska | 1,226.72 | 14.36% | $12,205.40 |
| 3.  | Barbara Miller | 41.38 | 0.48% | $411.72 |
| 4.  | Brandy Lyles | 157.55 | 1.84% | $1,567.56 |
| 5.  | Carell Urban | 39.94 | 0.47% | $397.39 |
| 6.  | Jill Joiner | 505.83 | 5.92% | $5,032.82 |
| 7.  | Justine Knaperek | 27.65 | 0.32% | $275.11 |
| 8.  | Katrina Arvetis | 167.25 | 1.96% | $1,664.07 |
| 9.  | Kelsey Gambrel | 936.27 | 10.96% | $9,315.53 |
| 10. | Khristy Maberry | 73.25 | 0.86% | $728.81 |
| 11. | Kyle Jackson | 106.75 | 1.25% | $1,062.12 |
| 12. | Kyle Mello | 985.81 | 11.54% | $9,808.43 |
| 13. | Natalie Neef | 515.86 | 6.04% | $5,132.61 |
| 14. | Nicole Davilla | 901.65 | 10.55% | $8,971.07 |
| 15. | Nora Schultz | 614.78 | 7.20% | $6,116.83 |
| 16. | Patricia Hale | 180.10 | 2.11% | $1,791.93 |
| 17. | Ruth Villagomez | 159.00 | 1.86% | $1,581.99 |
| 18. | Tricia Nosek | 1,195.75 | 14.00% | $11,897.26 |
|     | **Total:** | **8,543.04** | **100.00%** | **$85,000.00** |

26969998v.1

**EXHIBIT B**
**STATE LAW CLASS MEMBERS**

| | Name | Settlement Payment (75% of the value of OT hours x .5 x reg. rate of pay) |
|---|---|---|
| 1. | Abigail Trznadel | $2,575.04 |
| 2. | Alexsis Pappas | $4,018.41 |
| 3. | Amanda Burzawa | $554.75 |
| 4. | Amanda Wendel-Lee | $175.69 |
| 5. | Amiee Crockett | $44.23 |
| 6. | Brittany Lux | $240.80 |
| 7. | Cathryn Isom | $1,760.12 |
| 8. | Christina Tursi | $2,529.83 |
| 9. | Colleen O'Connor | $536.02 |
| 10. | Daniel Kobos | $270.34 |
| 11. | Elizabeth Hernandez | $1,433.24 |
| 12. | Evangelina Pasindo | $904.78 |
| 13. | Fabiola Palomino | $263.72 |
| 14. | Gregory Hickey | $486.79 |
| 15. | Hannah Kelner | $606.44 |
| 16. | Heather Kostenski | $9,158.18 |
| 17. | Jamie Eskridge | $2,461.97 |
| 18. | Jeremiah Loveless | $1,228.84 |
| 19. | Justin Whitten | $306.24 |

32

**EXHIBIT B CONTINUED**

| | | |
|---|---|---|
| 20. | Kandyce Perteet | $249.95 |
| 21. | Katie Hernandez | $3,266.46 |
| 22. | Kelly Hickey | $3,435.68 |
| 23. | Kiana Logwood | $125.27 |
| 24. | Kimberli Romano | $4,694.15 |
| 25. | Leslie Aranda | $1,370.12 |
| 26. | Leslie Marshall | $1,525.99 |
| 27. | Mary Horeish | $2,307.14 |
| 28. | Mary Leon | $1,704.77 |
| 29. | Megan Monroe | $854.87 |
| 30. | Melanie Treglown | $2,451.62 |
| 31. | Mike Lafronza | $2,306.57 |
| 32. | Myriah Rogers | $2,717.34 |
| 33. | Nichole A. Pyzynski | $2,259.60 |
| 34. | Nicole Novotny | $3,835.56 |
| 35. | Patti Perich | $1,846.03 |
| 36. | Ryan Stasell | $2,581.35 |
| 37. | Syed J. Ali | $953.48 |
| 38. | Tara Geimer | $2,829.64 |
| 39. | Teresa Mayfield | $4,276.08 |
| 40. | Teresa Munoz | $2,147.84 |
| 41. | William Mistakevich | $4,439.08 |
| | **Total:** | **$81,734.02** |

26969998v.1

## EXHIBIT C - 1
## CLASS NOTICE - FLSA OPT-IN PLAINTIFFS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KYLE MELLO, ANNA BLAZEJOWSKA, PATRICIA HALE, and JUSTINE KNAPEREK individually and on behalf of persons similarly situated, | Case No.: 1:15-cv-05660 |
| Plaintiffs, | Judge Gary Feinerman |
| v. | |
| KRIEGER KIDDIE CORPORATION and ELAINE B. KRIEGER, | |
| Defendants. | |

### NOTICE TO FLSA OPT-IN PLAINTIFFS OF PENDENCY OF CLASS ACTION AND COLLECTIVE ACTION, PROPOSED SETTLEMENT, AND FAIRNESS HEARING

**TO:**   All persons employed by Defendant Krieger Kiddie Corporation in the positions of store manager, manager in training, assistant manager (including Jr. or Sr. assistant manager), or floor or racks manager, who were classified as exempt from the FLSA's minimum wage and overtime requirements, and who worked in excess of forty (40) hours during any one or more weeks between June 25, 2012 and the present, but were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) in a work week, and who affirmatively opted in to the FLSA collective action by sending in a Notice of Consent form prior to January 12, 2016.

> **Please Read This Notice Carefully. This Notice Relates to a Proposed Class Action Settlement of Litigation. If You Are a Settlement Class member, It Contains Important Information as to Your Rights.**

This Notice is to tell you about the class settlement of a lawsuit that was filed against Krieger Kiddie Corporation and Elaine B. Krieger (collectively hereafter "Defendants") and to tell you about a "Fairness Hearing" before Judge Gary Feinerman on _____, 2016 at _____ ___.m. in Courtroom 2125 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois 60604, to determine whether the proposed settlement

34

described in the Class Action Settlement Agreement fairly resolves the claims against Defendants as explained below.

This Notice **is not** a notice of a lawsuit against you. A Federal Court has authorized this Notice.

**What is the Litigation about?**

On June 25, 2015, Plaintiffs Kyle Mello, Anna Blazejowska, Patricia Hale, and Justine Knaperek filed this lawsuit in the United States District Court for the Northern District of Illinois against Defendants on behalf of themselves and others similarly situated who were employed by Defendants as store managers, assistant managers, managers in training, or some other variation (collectively "Managers") and who were paid on a salary basis. The Complaint alleged violations of the Fair Labor Standards Act (FLSA), Illinois Minimum Wage Law (IMWL), and Illinois Wage Payment and Collection Act (IWPCA), based on Defendants' alleged failure to meet the salary basis test for its exempt-classified Managers. Plaintiffs alleged that because Defendants failed to meet the salary basis test, Plaintiffs were improperly classified as exempt from the minimum wage and overtime requirements of the FLSA and, therefore, are owed overtime for all hours worked over 40 in a workweek.

**Why did I get this Notice?**

You received this Notice because the lawyers for the Plaintiffs and Defendants identified you as a person in the Settlement Class, defined as:

> All persons employed by Defendant Krieger Kiddie Corporation in the position of store manager, manager in training, assistant manager (including Jr. or Sr. assistant manager), or floor or racks manager, who were classified as exempt from the FLSA's minimum wage and overtime requirements, and who worked in excess of forty (40) hours during any one or more weeks between June 25, 2012 and the present, but were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) in a work week.

If you received this Notice, you are eligible to participate in the Settlement and may be eligible for compensation as described below.

**What is the "Settlement" and how was it agreed upon?**

The Settlement is a compromise of Plaintiffs' claims in the litigation and is not to be construed as an admission of liability on the part of Defendants. The Court has granted preliminary approval of the Settlement, and the Plaintiffs and Defendants are now seeking final Court approval, which is required for the Settlement to become effective. The Settlement includes a procedure for eligible persons to receive their share of the Class Settlement Fund. Plaintiffs believe that the claims asserted in the litigation have merit. Defendants do not believe that the claims asserted in the litigation have merit. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual allegations made against Defendants in this litigation.

26969998v.1

Substantial amounts of time, expense, energy, and other resources have been devoted by Plaintiffs and Defendants in prosecuting and in defending the litigation. Unless there is a settlement, that litigation will continue. In settlement negotiations, the Plaintiffs and Defendants have taken into account the uncertainty of the outcome and the risk of litigation. In light of these factors, the Plaintiffs and Defendants believe that the Settlement is the best way to resolve the litigation while minimizing further expenditures.

The Plaintiffs and Defendants and their counsel believe that the Settlement is fair, reasonable, and adequate, and in the best interests of all parties, including the settlement class.

**What are the terms of the Settlement?**

Defendants have agreed to pay a settlement amount of no more than $236,734.02 to resolve all claims in this lawsuit as described in the Settlement Agreement. Each Settlement Class Member shall be allocated a share of the Settlement Amount. Every Settlement Class member, including Plaintiffs, will be allocated a share of the settlement proportionate to the hours worked by the Settlement Class Member.

**What am I entitled to recover under the Settlement?**

As a FLSA Opt-In Plaintiff, if you sign a General Release you are entitled to share in a portion of the $85,000 allotted under the Settlement Agreement for FLSA Opt-In Plaintiffs. Exhibit A shows the amounts recoverable by individuals who have already joined the lawsuit by sending to Class Counsel a consent to join the litigation, including you. These individuals are known as "FLSA Opt-In Plaintiffs." As an FLSA Opt-In Plaintiff, you are entitled to receive the amount shown by your name on Exhibit A, 50% of which will be subject to payroll tax withholdings.

**How do I receive a Settlement Payment?**

As an FLSA Opt-In Plaintiff, you must sign the enclosed General Release by __[DATE]____ to receive your share of the settlement, as shown on Exhibit A.

If you choose not to sign the enclosed General Release, you will still be eligible to recover. If you do not sign a General Release you will: (1) give up only your claims brought in the lawsuit under the FLSA, IMWL, and IWPCA, instead of *all* claims that were brought in the lawsuit and that *could have been* brought in the lawsuit; and (2) receive a smaller settlement amount than what is shown on Exhibit A, which will be calculated based on 75% of your overtime hours worked during the relevant time period in a relevant position.

**Am I required to participate in the Settlement?**

Because you are an FLSA Opt-In Plaintiff (meaning, you already joined the lawsuit), you are required to participate in the settlement. You will automatically be bound by the settlement. If you do not sign the General Release, you will give up only your claims brought in the lawsuit (not all claims brought or that could have been brought).

26969998v.1

**What is the Fairness Hearing and do I need to attend?**

The purpose of the Fairness Hearing in this case is to determine whether the proposed Settlement of the litigation is fair, reasonable, and adequate, and whether the proposed Settlement should be finally approved by the Court and the Litigation dismissed. **Any Class Member who is satisfied with the proposed Settlement does not have to appear at the Fairness Hearing.** Because you previously filed a consent to join the Litigation, you will be represented at the Fairness Hearing by Class Counsel.

**When is the Court hearing to determine if the Settlement is fair?**

The Fairness Hearing will be held before the Honorable Judge Feinerman on _____, 2016 at _____ .m. in Courtroom 2125 of the United States District Courthouse located at 219 South Dearborn Avenue, Chicago, Illinois 60604. The Fairness Hearing may be adjourned from time to time as the Court may direct, without further notification.

You will be bound by the proposed Settlement if it is approved.

**What rights am I giving up if I participate in the Settlement?**

If you sign a General Release, you will receive the amount shown by your name on Exhibit A, and on behalf of yourself and each of your heirs, representatives, successors, assigns, and attorneys, you shall be deemed to release and forever discharge all claims raised in the litigation, including all claims under the FLSA, IMWL, and IWPCA ("Released Wage Claims") *and* all existing claims against the Released Parties, whether or not raised in the litigation and whether or not they could have been raised in the litigation ("Other Released Claims"). You may thereafter discover facts in addition to or different from those you now know or believe to be true with respect to the subject matter of the Released Wage Claims. However, upon entry of Final Judgment you shall be deemed to have, and by operation of the Final Judgment fully, finally, and forever settled and released any and all of the Released Wage Claims and Other Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts which are released by this Agreement.

You forever agree that you shall not institute any action seeking, nor accept, back pay, overtime premiums, penalties, liquidated damages, punitive damages, penalties of any nature, attorneys' fees and costs, or any other relief from any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, for any period through the Preliminary Approval Date, arising from any claims released in the Settlement.

If you sign the enclosed General Release, you shall be deemed to have released all existing claims that were brought and that could have been brought in the Litigation, pursuant to this Agreement. In exchange, you will receive a larger payment than the State Law Class Members who will not sign a General Release but also will waive only claims brought in the

37

Litigation, not those that *could have been* brought in the Litigation. This release shall become effective upon entry of Final Judgment.

If you choose not to sign the enclosed General Release, you will still be eligible to recover. If you do not sign a General Release you: (1) will give up only your claims brought in the lawsuit under the FLSA, IMWL, and IWPCA, instead of *all* claims that were brought in the lawsuit and that *could have been* brought in the lawsuit, including all claims, known and unknown, against Krieger Kiddie Corporation and Elaine Krieger; and (2) may receive a smaller settlement amount than what is shown on Exhibit A, which will be calculated based on 75% of your overtime hours worked during the relevant time period in a relevant position.

**How are the lawyers for the Settlement Class Paid?**

Subject to Court approval, Class Counsel will receive up to $70,000, as approved by the Court, for all past and future attorneys' fees and reasonable costs incurred or that will be incurred in this litigation through final approval of the Settlement as set forth in the Settlement Agreement. Such payment to Class Counsel is in addition to the Settlement Payments to Class Members and, therefore, will not reduce the amount of your Settlement Payment.

**What if the Court does not approve the Settlement?**

If the Court does not approve the settlement, the case will proceed as if no settlement had been attempted, and there can be no assurance that you will recover more than is provided for in the Settlement, or indeed, anything.

**Can I review a copy of the Settlement Agreement or other papers that were filed with the Court?**

Yes, for a detailed statement of the matters involved in the litigation and the proposed Settlement, you may review the pleadings and other papers filed in the litigation, which may be inspected at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours of each court day. In addition, you may also contact Class Counsel to review copies of the settlement papers filed with the Court. All inquiries you may have about the Settlement should be directed to Class Counsel.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT.**

Dated: _____        BY ORDER OF THE UNITED STATES
                                                   DISTRICT    COURT    FOR    THE
                                                   NORTHERN DISTRICT OF ILLINOIS,
                                                   EASTERN DIVISION

**EXHIBIT C - 2**
**CLASS NOTICE - STATE LAW CLASS MEMBERS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KYLE MELLO, ANNA BLAZEJOWSKA, PATRICIA HALE, and JUSTINE KNAPEREK individually and on behalf of persons similarly situated, | Case No.: 1:15-cv-05660 |
| | Judge Gary Feinerman |
| Plaintiffs, | |
| v. | |
| KRIEGER KIDDIE CORPORATION and ELAINE B. KRIEGER, | |
| Defendants. | |

**NOTICE TO STATE LAW CLASS MEMBERS OF PENDENCY OF CLASS ACTION**
**AND COLLECTIVE ACTION, PROPOSED SETTLEMENT, AND FAIRNESS**
**HEARING**

**TO:** All persons employed by Defendant Krieger Kiddie Corporation in the position of store manager, manager in training, assistant manager (including Jr. or Sr. assistant manager), or floor or racks manager, who were classified as exempt from the FLSA's minimum wage and overtime requirements, and who worked in excess of forty (40) hours during any one or more weeks between June 25, 2012 and the present, but were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) in a work week, and who did not affirmatively opt in to the FLSA collective action by sending in a Notice of Consent form prior to January 12, 2016.

> **Please Read This Notice Carefully. This Notice Relates to a Proposed Class Action Settlement of Litigation. If You Are a Settlement Class member, It Contains Important Information as to Your Rights.**

**What is this Notice about?**

This Notice is to tell you about the class settlement of a lawsuit that was filed against Krieger Kiddie Corporation and Elaine B. Krieger (collectively hereafter "Defendants") and to

26969998v.1

tell you about a "Fairness Hearing" before Judge Gary Feinerman on _____, 2016 at _____ __.m. in Courtroom 2125 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois 60604, to determine whether the proposed settlement described in the Class Action Settlement Agreement fairly resolves the claims against Defendants as explained below.

This Notice **is not** a notice of a lawsuit <u>against</u> you. A Federal Court has authorized this Notice.

### What is the Litigation about?

On June 25, 2015, Plaintiffs Kyle Mello, Anna Blazejowska, Patricia Hale, and Justine Knaperek filed this action in the United States District Court for the Northern District of Illinois against Defendants on behalf of themselves and others similarly situated who were employed by Defendants as store managers, assistant managers, managers in training, or some other variation (collectively "Managers") and who were paid on a salary basis. The Complaint alleged, *inter alia*, violations of the Fair Labor Standards Act (FLSA), Illinois Minimum Wage Law (IMWL), and Illinois Wage Payment and Collection Act (IWPCA), based on Defendants' alleged failure to meet the salary basis test for its exempt-classified Managers. Plaintiffs alleged that because Defendants failed to meet the salary basis test, Plaintiffs were improperly classified as exempt from the minimum wage and overtime requirements of the FLSA and, therefore, are owed overtime for all hours worked over 40 in a workweek.

### Why did I get this Notice?

You received this Notice because the lawyers for the Plaintiffs and Defendants identified you as a person in the Settlement Class, defined as:

All persons employed by Defendant Krieger Kiddie Corporation in the position of store manager, manager in training, assistant manager (including Jr. or Sr. assistant manager), or floor or racks manager, who were classified as exempt from the FLSA's minimum wage and overtime requirements, and who worked in excess of forty (40) hours during any one or more weeks between June 25, 2012 and the present, but were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) in a work week.

If you received this Notice, you are eligible to participate in the Settlement and may be eligible for compensation as described below.

### What is the "Settlement" and how was it agreed upon?

The Settlement is a compromise of Plaintiffs' claims in the litigation and is not to be construed as an admission of liability on the part of Defendants. The Court has granted preliminary approval of the Settlement, and the Plaintiffs and Defendants are now seeking final Court approval, which is required for the Settlement to become effective. The Settlement includes a procedure for eligible persons to receive their share of the Class Settlement Fund. Plaintiffs believe that the claims asserted in the litigation have merit. Defendants do not believe that the claims asserted in the litigation have merit. There has been no determination by any

40

court, administrative agency, or other tribunal as to the truth or validity of the factual allegations made against Defendants in this litigation.

Substantial amounts of time, energy, and other resources have been devoted by Plaintiffs and Defendants in prosecuting and in defending the litigation. Unless there is a settlement, that litigation will continue. In settlement negotiations, the Plaintiffs and Defendants have taken into account the uncertainty of the outcome and the risk of litigation. In light of these factors, the Plaintiffs and Defendants believe that the Settlement is the best way to resolve the litigation while minimizing further expenditures.

The Plaintiffs and Defendants and their counsel believe that the Settlement is fair, reasonable, and adequate, and in the best interests of all parties, including the settlement class.

**What are the terms of the Settlement?**

Defendants have agreed to pay a settlement amount of no more than $236,734.02 to resolve all claims in this lawsuit as described in the Settlement Agreement. Each Settlement Class Member shall be allocated a share of the Settlement Amount.

As a State Law Class Member (*i.e.*, an individual who meets the Class definition, but did not affirmatively consent to join the lawsuit prior to January 12, 2016), you will receive an amount equal to 75% of the overtime hours you worked, multiplied by your regular rate of pay, multiplied by 0.5. This amount is less than the amount FLSA Opt-In Plaintiffs (who previously joined the lawsuit) are entitled to receive.

**What am I entitled to recover under the Settlement?**

The estimated amount that you can expect to receive is set out on Exhibit B to this Notice. This amount is proportionate to the overtime hours you worked in a relevant position during the relevant time period, per Defendants' records.

**How do I receive a Settlement Payment?**

As a State Law Class Member, you will **automatically** receive your share of the settlement, <u>unless</u> you exclude yourself from the Settlement.

**Am I required to participate in the Settlement?**

As a State Law Class Member, you have the right to exclude yourself from the lawsuit and "opt-out" of the settlement if you comply with the opt-out procedure stated below. If you exclude yourself, you will not receive any payment from the Settlement Fund.

To effectively opt-out, you must mail to the Class Counsel a written statement expressing your desire to be excluded from the Settlement in *Mello v. Krieger Kiddie Corp, et al.*, no later than _____ ("Request for Exclusion"). **The "opt-out" statement must be postmarked no later than _____ to be effective.** Your written statement must state: "I request to be excluded from the settlement in *Mello v. Krieger Kiddie Corp., et al.* (Case No. 15-cv-05660) (U.S. District Court for the Northern District of Illinois, Eastern Division). I affirm that I was

41

employed by Krieger Kiddie Corporation in the position of store manager, manager in training, assistant manager (including Jr. or Sr. assistant manager), or floor or racks manager, and was classified as exempt from the FLSA's minimum wage and overtime requirements, and worked in excess of forty (40) hours during any one or more weeks between June 25, 2012 and the present, but was not paid time and one-half of my regular rate of pay for all hours worked in excess of forty (40) in a work week." You must also include your full name, address, and telephone number, and he or she must personally sign the letter.

**If you opt-out of the Settlement you will not recover any money as part of this Settlement.** You may, however, pursue other legal remedies apart from the Settlement that may be available to you. Neither Plaintiffs nor Defendants nor their counsel make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out. **YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

You must mail copies of the "opt-out" statement to Class Counsel at the addresses listed below.

**Class Counsel**

David Fish
Kimberly Hilton
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(331) 425-7083 Direct
(630) 778-0400 Facsimile

## What is the Fairness Hearing and do I need to attend?

The purpose of the Fairness Hearing in this case is to determine whether the proposed Settlement of the litigation is fair, reasonable, and adequate, and whether the proposed Settlement should be finally approved by the Court and the Litigation dismissed. **Any Class Member who is satisfied with the proposed Settlement does not have to appear at the Fairness Hearing.**

Any person who has not validly and timely opted-out of the Settlement, but who objects to the proposed Settlement, may appear in person or through counsel at the Fairness Hearing and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate, or why a final judgment should or should not be entered dismissing the litigation with prejudice. No attorneys' fees will be paid by Defendants to an objector's counsel for any work related to an objection to this Settlement. If you choose to object to the Settlement, you must on or before _____, mail your written objection to Class Counsel and Defendants Counsel. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Your written objection must also include (a) your full name, address, and, telephone number, (b) dates of your employment with Defendants; (c) copies of papers, briefs, or other documents upon which the objection is based, (d) a list of all persons who will be called to

42

testify in support of your objection, and (e) your signature, even if you are represented by counsel. Settlement Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

If you file an objection and wish it to be considered, you must also appear at hearing on [INSERT DATE], at [INSERT TIME], at the federal courthouse at 219 South Dearborn Street in Chicago, Illinois, Courtroom 2125, at which time the presiding judge in this case (Judge Feinerman) will consider whether to grant final approval of this Settlement. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT. Please note that it is not sufficient to simply state that you object. You must state reasons why you believe the Settlement should not be approved.

**When is the Court hearing to determine if the Settlement is fair?**

The Fairness Hearing will be held before the Honorable Judge Feinerman on _____, 2016 at _____ .m. in Courtroom 2125 of the United States District Courthouse located at 219 South Dearborn Avenue, Chicago, Illinois 60604. The Fairness Hearing may be adjourned from time to time as the Court may direct, without further notification.

If you are a member of the Settlement Class, you will be bound by the proposed Settlement if it is approved, unless you opt-out by making a timely Request for Exclusion as described above.

**What rights am I giving up if I participate in the Settlement?**

As a State Law Class Members, if you do not opt out of the Settlement you will release and discharge on behalf of yourself and each of your heirs, representatives, successors, assigns, and attorneys, and shall be deemed to release and forever discharge all claims raised in the litigation, including all claims raised under the FLSA, IMWL, and IWPCA ("Released Wage Claims"). You may hereafter discover facts in addition to or different from those you now know or believe to be true with respect to the subject matter of the Released Wage Claims. However, upon entry of Final Judgment (and to the extent provided for in this paragraph), you shall be deemed to have, and by operation of the Final Judgment fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts which are released by this Agreement.

You forever agree that you shall not institute any action seeking, nor accept, back pay, overtime premiums, penalties, liquidated damages, punitive damages, penalties of any nature, attorneys' fees and costs, or any other relief from any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Released Parties, for any period through the Preliminary Approval Date, arising from any claims released in this Section. This release shall become effective upon entry of Final Judgment.

**How are the lawyers for the Settlement Class Paid?**

Subject to Court approval, Class Counsel will receive up to $70,000, as approved by the Court, for all past and future attorneys' fees and reasonable costs incurred or that will be incurred in this litigation through final approval of the Settlement as set forth in the Settlement Agreement. Such payment to Class Counsel is in addition to the Settlement Payments to Class Members and, therefore, will not reduce the amount of your Settlement Payment.

**What if the Court does not approve the Settlement?**

If the Court does not approve the settlement, the case will proceed as if no settlement had been attempted, and there can be no assurance that you will recover more than is provided for in the Settlement, or indeed, anything.

**Can I review a copy of the Settlement Agreement or other papers that were filed with the Court?**

Yes, for a detailed statement of the matters involved in the litigation and the proposed Settlement, you may review the pleadings and other papers filed in the litigation, which may be inspected at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours of each court day. In addition, you may also contact Class Counsel to review copies of the settlement papers filed with the Court. All inquiries you may have about the Settlement should be directed to Class Counsel.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT.**

Dated: _____          BY ORDER OF THE UNITED STATES
                                        DISTRICT   COURT   FOR   THE
                                        NORTHERN  DISTRICT  OF  ILLINOIS,
                                        EASTERN DIVISION

26969998v.1


Exhibit D

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KYLE MELLO, ANNA BLAZEJOWSKA,
PATRICIA HALE, and JUSTINE KNAPEREK,
individually and on behalf of persons similarly
situated,

            Plaintiffs,

      v.

KRIEGER KIDDIE CORPORATION and
ELAINE B. KRIEGER

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 15-cv-5660

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND REGARDING NOTICE

The parties have applied, pursuant to Rule 23(e), Fed. R. Civ. P., for an order preliminarily approving settlement of the claims alleged in the Lawsuit, in accordance with a Class Action Settlement Agreement (the "Agreement"), which, together with the exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the claims against Defendants and for dismissal of the Lawsuit against Defendants upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits annexed thereto.

**IT IS HEREBY ORDERED:**

1.     The Court hereby preliminarily approves the settlement set forth in the Agreement (subject only to the objections of State Law Class Members and final review by the Court) as being fair, reasonable and adequate, and in the best interest of Plaintiffs and those persons that are identified on exhibits A and B to the Agreement (the "Class Members").

2.     The Court hereby provisionally certifies, for settlement purposes only, the following State Law Class pursuant to Federal Rule of Civil Procedure 23:

26984143v.1

All persons employed by Defendant Krieger Kiddie Corporation in the position of store manager, manager in training, assistant manager (including Jr. or Sr. assistant manager), or floor or racks manager, who were classified as exempt from the FLSA's minimum wage and overtime requirements, and who worked in excess of forty (40) hours during any one or more weeks between June 25, 2012 and the present, but were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) in a work week, and who did not affirmatively opt in to the FLSA collective action by sending in a Notice of Consent form prior to January 12, 2016.

3. The Court approves, as to form and content, the Class Notices that are attached to the Agreement, which comply fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States and any other applicable laws.

4. Solely for the purposes of the proposed Settlement, the Court preliminarily approves David Fish and Kimberly Hilton of The Fish Law Firm and Thomas J. Homer and Stephen Sotelo of the Law Offices of Thomas J. Homer P.C. as Class Counsel. The Court also preliminarily approves Named Plaintiffs Kyle Mello, Anna Blazejowska, Patricia Hale, and Justine Knaperek as Class Representatives

5. With regard to distribution of the Settlement Notices, Class Counsel are hereby directed and authorized to effectuate notice as called for in the Agreement, specifically:

a. No later than fourteen (14) calendar days following the entry of this Order, Class Counsel shall send to each Class Member the applicable Class Notice (whether the Class Notice – FLSA Opt-In Plaintiffs or the Class Notice – State Law Class Members) via first class U.S. mail, postage prepaid, to each Class Member's last-known physical address and via e-mail to each Class Member's last known e-mail address, as reflected in Defendants' records, which were earlier provided to Class Counsel during the Litigation.

b. Any State Law Class Member wishing to oppose or contest the approval of the Agreement, the judgment to be entered thereon if the same is approved, or the attorneys' fees, costs, and expenses requested by Class Counsel must comply with the procedures set forth in the

Class Notice. Any State Law Class Member who has served and filed an Objection as set forth therein may appear at the Settlement Hearing and show cause to the Court, if he or she has any, why the proposed settlement of the Lawsuit should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon or why the requested attorneys' fees, costs, and expenses should not be awarded as requested. Any State Law Class Member who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement, or the application for attorneys' fees, costs, and expenses to Class Counsel.

      6.     The Final Approval Hearing shall be held before this Court at _____ __.m. on _____, 2016, at the United States District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, to determine finally whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class, and should be approved by the Court; whether an Order and Final Judgment of Dismissal, should be entered; and to determine the amount of attorneys' fees, costs and expenses that should be awarded Class Counsel. The Parties shall submit the proposed Final Judgment and motion for final approval, pursuant to the terms of the Settlement Agreement, at least seven calendar days prior to the Final Approval Hearing.

      7.     Unless and until a Class Member files a valid Request for Exclusion pursuant to the terms of the Agreement (in the case of State Law Class Members only), Class Members are hereby enjoined from filing or prosecuting any claims, suits or administrative proceedings regarding claims released by the Settlement after the Claim Exclusion and Objection Deadline

has passed.

IT IS SO ORDERED this ___ day of 2016

UNITED STATES DISTRICT JUDGE

_____

## EXHIBIT E
## FLSA OPT-IN PLAINTIFFS' GENERAL RELEASE

Kyle Mello, Anna Blazejowska, Justine Knaperek, Patricia Hale, Alyssa Sowinski, Barbara Miller, Brandy Lyles, Carell Urban, Jill Joiner, Katrina Arvetis, Kelsey Gambrel, Khristy Maberry, Kyle Jackson, Natalie Neef, Nicole Davilla, Nora Schultz, Ruth Villagomez, and Tricia Nosek, and their heirs, representatives, successors, assigns, and attorneys ("Plaintiffs"), in connection with and as part of the settlement of the matter entitled *Mello v. Krieger Kiddie Corp., et al.* (Case No. 15-cv-05660) (U.S. District Court for the Northern District of Illinois, Eastern Division), pending in the United States District Court for the Northern District of Illinois (the "Class Action"), agree that:

1.  Consideration. This General Release is provided in consideration for the payments to Opt-In Plaintiffs specified in subpart a of Paragraph 1 of the Settlement Agreement approved by the Court and executed by the Parties in connection with the Class Action. Should a Plaintiff fail to sign this General Release, or should he or she revoke the General Release, then the Opt-In Plaintiff shall have no right to receive the payments provided by subpart a of Paragraph 1 of the Settlement Agreement.

2.  No Consideration Absent Execution of this General Release. Plaintiffs understand and agree that Plaintiffs would not receive the monies and/or benefits specified in Paragraph 1 above, except for Plaintiffs' execution of this General Release, the fulfillment of the promises contained herein, and the absence of any effective revocation of same. If a Plaintiff fails to execute a General Release, he will be bound by the Settlement, pursuant to its terms, to the same extent and in the same manner as the absent State Law Class Members. In other words, if a Plaintiff fails to execute a General Release, he or she will waive only the claims brought in the Litigation and will receive a lesser payment than if he or she had signed this General Release.

3.  Revocation. This General Release shall be revoked if the Settlement Agreement is not finally approved.

4.  General Release of All Claims. Plaintiffs, on behalf of themselves and their heirs, representatives, successors, assigns, and attorneys, hereby release and discharge the Released Parties (as such term is defined in the Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, debts, dues, interest, liquidated damages, penalties, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, judgments, or suits of any kind, whether known or unknown, which Plaintiffs have, have had, or may have arising from their employment with Krieger Kiddie Corporation or Elaine Krieger, as well as their current and former directors, officers, and agents, employees, attorneys, predecessors, successors, subsidiaries, and affiliated entities, regarding any acts or omissions that have occurred from the beginning of time through the Effective Date of the Settlement Agreement. Without limiting the generality of the foregoing, this release includes but is not limited to: (i) any claims or allegations asserting discriminatory termination, harassment, or retaliation; (ii) all claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.*, the IWPCA, 820 ILCS 115/1, *et seq.*, Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C.

26969998v.1

§§ 2601, *et seq.,* the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq.,* the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq.,* the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq.,* and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq.*; (iii) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise. This Release does not apply to claims that may arise against Released Parties after the date of execution of this agreement. This Release may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the released claims. Defendants affirmatively reserve all rights, claims and defenses which may be raised in any subsequent proceeding, including, but not limited to, *res judicata* and claim preclusion.

6.      Acknowledgments and Affirmations. Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim against Defendants as well as their current and former directors, officers, and agents, employees, attorneys, predecessors, successors, subsidiaries, and affiliated entities except this Class Action.

7.      Governing Law and Interpretation. This General Release shall be governed and conformed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. Should any provision of this General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision will be null and void, leaving the remainder of this General Release in full force and effect.

8.      Non-admission of Wrongdoing. The Parties agree that neither this General Release nor the furnishing of the consideration for this General Release shall be deemed or construed at any time for any purpose as an admission by Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9.      Amendment. This General Release may not be modified, altered or changed except in writing and signed by representatives of both Plaintiffs and Defendants wherein specific reference is made to this General Release.

**PLAINTIFFS ARE ADVISED THAT THEY HAVE UP TO THIRTY (30) CALENDAR DAYS TO CONSIDER THIS GENERAL RELEASE. PLAINTIFFS ALSO ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFFS' SIGNING OF THIS GENERAL RELEASE AND ACKNOWLEDGE THAT THEY HAVE DONE SO.**

**PLAINTIFFS MAY REVOKE THIS GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY PLAINTIFFS SIGNED THIS GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO CLASS COUNSEL AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF THE GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO THE ABOVE REFERENCED**

47

ATTORNEYS OR THEIR DESIGNEE, AND POSTMARKED WITHIN TEN (10) CALENDAR DAYS AFTER PLAINTIFFS SIGN THIS GENERAL RELEASE.

PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS GENERAL RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL CONSIDERATION PERIOD OF UP TO THIRTY (30) CALENDAR DAYS.

Name:_____

Date:_____

Signature:_____

48